UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIAN C. WHITE,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>    Defendant. | Civil Action No. 11-279 (CKK) |

**MEMORANDUM OPINION**
(January 5, 2012)

Plaintiff Julian C. White seeks documents regarding a criminal case purportedly prosecuted by the United States Attorney's Office for the Eastern District of New York in 1998. Plaintiff brought this suit against the United States Department of Justice ("DOJ") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The parties filed cross motions for summary judgment.[1]  Because the Defendant conducted an adequate search for responsive records, Defendant's Motion for Summary Judgment shall be GRANTED, and Plaintiff's Motion for Summary Judgment shall be DENIED.

**I.  BACKGROUND**

*A.    Procedural History*

Although not at issue in this case, one of Plaintiff's previous FOIA requests provides useful context to suit. In 2007, Plaintiff filed an FOIA request with the FBI seeking records

---

[1] Since some of the documents entered on the Court's Docket are duplicative, for ease of reference, the Court refers to the following pleadings: [12] Def.'s Mot. for Summ. J., [14] Pl.'s Opp'n, [16] Def.'s Reply; and [18] Pl.'s Reply.

pertaining to Plaintiff's missing brother, Moses White III.  White Decl. ¶ 3; *White v. FBI*, Case No. 1:09-cv-421 (N.D. Ga. Filed Feb. 18, 2009).  In response to this request, the FBI produced redacted records concerning the investigation into Moses White's disappearance.  *See* Pl.'s Ex. A.  The records indicate Moses White was assisting the FBI New Orleans and New York Field Divisions with an investigation associated with file number 26B-NY-264824.  *Id.* at 1.  The records further indicate that in early 1998, in connection with that investigation, at least one defendant was arrested for violating 18 U.S.C. § 2312 (Interstate Transportation of Stolen Motor Vehicles), and either pled guilty or was convicted.  *Id.* at 1, 2.

  Plaintiff, through counsel, submitted a FOIA request to the Executive Office for United States Attorneys on June 16, 2010.  Def.'s Ex. A.  Plaintiff requested "[a]ll court filings from the federal court criminal case cross referenced as/involving FBI File No. 26B-NY-264824, a case that was prosecuted by AUSA Dolan M. Garrett (approximate date 1998), and which led to the defendant's conviction for violation of 18 U.S.C. 2312 [sic] (Interstate Transportation of Stolen Motor Vehicles)."  *Id.* at 1.  The letter requested all responsive records "in the possession or control of your office, as well as any responsive records in the possession or control of the U.S. Attorney [sic] Office for the Eastern District of New York."  *Id.*  The letter did not indicate whether Mr. White was the "defendant" in the referenced case.  *See id.*  The EOUSA received the request on June 25, 2010 (*id.*) and notified Mr. White on July 22, 2010 that his request had been received, the EOUSA had assigned a tracking number to the request, and that the request would be processed in the order in which it was received (Def.'s Ex. B).

  Having received no further correspondence, Mr. White wrote to the EOUSA on August 19, 2010 asking for "the date by which we can anticipate a final response" to the request.  Def.'s

Ex. C.  The EOUSA responded that due to the large number of FOIA requests received, Mr. White's request had not yet been processed as of September 16, 2010.  Def.'s Ex. D.  On September 29, 2010, the EOUSA issued a response to the request, indicating a search for records in the United States Attorney's Office for the Eastern District of New York ("USAO") revealed no responsive records.  Def.'s Ex. E.  Mr. White appealed to the DOJ Office of Information Policy, arguing "there must clearly be some responsive records for [sic] copies of the federal court criminal action that was identified in this FOIA request."  Def.'s Ex. F.  The appeal was received on October 18, 2010, and denied on December 29, 2010.  Def.'s Exs. G, H.  Plaintiff filed suit on January 31, 2011.

      B.     *Defendant's Search for Responsive Records*

On September 13, 2010, Thomas P. Lowenthal, the Paralegal Specialist serving as the FOIA liaison with the EOUSA assigned to the USAO, received Plaintiff's FOIA request. Lowenthal Decl. ¶¶ 1, 5.  Mr. Lowenthal used the Legal Information Office Network System ("LIONS") to search for documents responsive to Mr. White's request.  *Id.* at ¶ 7.  The LIONS database tracks civil, criminal, and appellate investigations and cases.  *Id.*  The database can be searched using a variety of criteria, including the USAO staff assigned to the case, victim/witness names, "scheduled events," participants, and various numbers associated with the case or investigation.  Def.'s Reply Ex. A.  Participant searches allow queries composed of all or part of the name of a person associated with the case, or a number associated with the participant, such as their social security number.  *Id.*  A search for a participant's name will return results for both exact matches and similar sounding names.  Lowenthal Decl. ¶ 8.  Number or "case" searches allow the user to search for a matter or case based on "a variety of numbers in

LIONS associated with the matter or case (Agency File Number, Court Number, Grand Jury Number, etc)," including the FBI file number.  Def.'s Reply Ex. A.

Mr. Lowenthal, believing the "defendant" in the case referenced in Plaintiff's request to be Mr. White, searched for Mr. White's name in the LIONS database.[2]  Lowenthal Decl. ¶ 8. This search did not return any responsive records.  *Id.*  Plaintiff did not identify who the "defendant" might be.  The only names provided in the request were Mr. White's, and the prosecutor's.  Mr. Lowenthal also performed a search using the FBI file number provided in Plaintiff's request.  *Id.* at ¶ 9.  This search likewise failed to return any responsive records.  *Id.* Finally, Mr. Lowenthal searched the EDNY PACER court docket number database for Mr. White's name, but did not locate any cases involving the United States Attorney's Office.  *Id.* at ¶ 10.

## II.  LEGAL STANDARD

FOIA cases are typically and appropriately decided on motions for summary judgment. *Miscavige v. IRS*, 2 F.3d 366, 368 (11th Cir. 1993); *Rushford v. Civiletti*, 485 F. Supp. 477, 481 n.13 (D.D.C. 1980).  Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material

---

[2] Plaintiff initially took issue with Defendant's search for responsive documents because several of the queries assumed Mr. White was the defendant in the case referenced in the request. Plaintiff vigorously argues that his request "does not ever state, imply, nor in any respect suggest," that Mr. White was the defendant in the referenced case.  Pl.'s Reply at 10.  Defendant explains in detail why its assumption that Mr. White's request dealt with a case in which he was a defendant was reasonable.  Def.'s Reply at 2-4.  Although the Court is inclined to agree that Defendant's interpretation of the request was reasonable, the Court need not reach the issue.  As explained below, Defendant's search using the FBI file number provided in the request was adequate.

fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Moreover, summary judgment is properly granted against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Liberty Lobby*, 477 U.S. at 255. A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252.

### III. DISCUSSION

The FOIA requires agencies of the federal government to release records to the public upon request, unless one of nine statutory exemptions applies. *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 136 (1975); 5 U.S.C. § 552(b). In this case, Defendant's search revealed no responsive records, thus resolution of the parties' motions turns entirely on the adequacy of the agency's search.[3] The adequacy of a search is measured by a standard of reasonableness and depends on the individual circumstances of each case. *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990). The question is not whether responsive documents may exist, but whether the search itself was adequate. *Steinberg v. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) (citations omitted). Before it can obtain summary judgment in a FOIA case, "the agency must

---

[3] Plaintiff's Reply emphasizes that Defendant did not refute Plaintiff's claim "that Defendant has unlawfully withheld responsive records, by failing to provide Plaintiff with any responsive record." Pl.'s Reply at 1. Plaintiff's argument is misplaced. At the point Defendant shows it performed an adequate search that returned no responsive records, Defendant's failure to produce "any responsive record" is excused and the statutory exemptions are irrelevant.

show, viewing the facts in the light most favorable to the requester, that . . . it has conducted a 'search reasonably calculated to uncover all relevant documents.'" *Id.* (quoting *Weisberg v. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).  There is no requirement that an agency search every record system, but the agency must conduct a good faith, reasonable search of those systems of records likely to possess the requested information.  *Oglesby v. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

To establish that an adequate search was conducted, agencies may and often do rely on affidavits in support of their motions for summary judgment.  *Weisberg*, 745 F.2d at 1485.  An agency's declarations are accorded "a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard Servs. Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal citation and quotation omitted).  To be sufficiently detailed, the agency's affidavits must at a minimum describe "what records were searched, by whom, and through what process." *Steinberg*, 23 F.3d at 552.  Plaintiff challenges both the adequacy of the USAO's affidavit, and the adequacy of the underlying search itself.  None of Plaintiff's arguments are persuasive, and therefore the Defendant is entitled to summary judgment.

   *A.*  *Adequacy of Defendant's Affidavit*

For the first time in his reply in support of his own motion, Plaintiff contests the sufficiency of the affidavit Defendant submitted to show the adequacy of the agency's search for responsive documents.  Specifically, Plaintiff argues Mr. Lowenthal's Declaration fails to indicate (1) the particular search methodology used; (3) the particular search terms used, and (3) whether the LIONS system "would be expected to include a listing of the requested court

records" for the relevant time period. Pl.'s Reply at 6. Defendant further claims that Defendant failed to aver that "all systems of records that are likely to contain responsive materials for this FOIA request." *Id.* at 7.

Defendant submitted the declaration of Mr. Lowenthal, the USAO's liaison for FOIA requests, and performed the searches in response to Plaintiff's request. Lowenthal Decl. ¶ 1, 5; *see SafeCard*, 926 F.2d at 1201 (noting that the individual coordinating the search "is the most appropriate person to provide a comprehensive affidavit"). Mr. Lowenthal explained that the LIONS database tracks "civil, criminal, and appellate investigations and cases." Lowenthal Decl. ¶ 7. Defendant further explained that the "Case Search" inquiry in LIONS allows users to search by agency file numbers, including FBI file numbers. Def.'s Reply Exs. B-C. If the FBI was the investigating agency, the FBI file number should be in the database, and thus any case relating to a particular FBI file number should be retrieved by a search for the FBI file number. *See id.* In relevant part, Mr. Lowenthal's Declaration indicates he searched for the FBI file number as provided in the FOIA request, but the search returned no responsive records. *Id.* at ¶ 9. Mr. Lowenthal stated that he was aware of "no other methods of searching which would lead to locate responsive records." Lowenthal Decl. ¶ 7.

Ultimately Plaintiff fails to "offer evidence of circumstances sufficient to overcome an adequate agency affidavit." *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003). Plaintiff fails to explain what additional information could be provided, or why it would be relevant to determining the adequacy of Defendant's search. Mr. White does not allege the USAO failed to "search particular offices or files where the document[s] might well have been found." *Id.* Nor does Mr. White argue the USAO failed to interview employees who might have

been helpful in locating the case file in question. *See id.; cf. Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 514-15 (D.C. Cir. 2011) (reversing summary judgment as to the adequacy of the State Department's search where agency's affidavit failed to address the potential relevance of emails stored on backup tapes, and issue specifically raised by the plaintiff). Defendant's affidavit explains what system was searched, the terms used, why it was likely to contain responsive documents, and that no other search method would reveal responsive documents. Although the affidavit could in theory be more detailed, that fact alone does not warrant denying summary judgment in favor of Defendant. *See Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir. 1982) ("To be sure, the descriptions of the searches could have been more detailed. . . . The arguable inadequacy of the search descriptions here is, however, no more than marginal and does not render the grant of summary judgment inappropriate."). Nor was Defendant required to search every system of records maintained by the USAO as Plaintiff suggests when the reference to the criminal case was limited to the FBI file number, the name of Mr. White, and the name of the prosecutor. *Campbell v. U.S. Dept. of Justice*, 164 F.3d 20, 28 (D.C. Cir. 1998) ("When a request does not specify the locations in which an agency should search, the agency has discretion to confine its inquiry to a central filing system if additional searches are unlikely to produce any marginal return; in other words, the agency generally need not 'search every record system.'") (quoting *Oglesby*, 920 F.2d at 68). Having failed to provide any evidence to overcome the presumption of good faith afforded to Defendant's affidavit, Plaintiff's challenge to Mr. Lowenthal's Declaration fails.

      B.      *Adequacy of Defendant's Search*

Plaintiff also contends the USAO's search itself was deficient because: (1) the USAO

was required to contact the FBI to obtain the relevant docket number; and (2) there must be records responsive to Plaintiff's request. Both of Plaintiff's arguments fail. First, the USAO was under no obligation to seek out additional information from the FBI in order to process Plaintiff's FOIA request. Second, the adequacy of a search is determined by the search parameters, not the outcome. Thus despite Plaintiff's speculation that responsive documents must exist, the Defendant's search was adequate and Defendant is entitled to summary judgment.

        1.        Obligation to Contact the FBI

The only specific deficiency Plaintiff has identified in Defendant's search is to claim that Defendant should have contacted the FBI to obtain the Court docket number associated with the FBI file number provided in Plaintiff's request, and then performed a search using the docket number. Plaintiff argues the Defendant had "a clear legal duty to follow up on known leads that are presented in a FOIA request." Pl.'s Opp'n at 3-4. However, none of the cases relied on by Plaintiff support requiring the USAO to obtain additional information from *other agencies* in order to perform an adequate search for responsive documents in their own record system.

For this argument, Plaintiff primarily relies on *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321 (D.C. Cir. 1999). In *Valencia*, the court found the Coast Guard's search for records was inadequate because the agency failed to (1) search the federal records center in Georgia, which the agency noted likely housed responsive records; and (2) failed to contact the Coast Guard employee who previously brought certain requested records to the plaintiff's criminal trial. *Id.* at 327-28. However, the *Valencia-Lucena* court concluded that interviewing the Coast Guard employee was a necessary step because the Coast Guard had "no responsibility under FOIA to make inquiries of other law enforcement agencies . . . for documents no longer within

its control or possession." *Id.* at 328.  Contrary to Plaintiff's assertion, *Valencia-Lucena* supports the conclusion that the USAO was under no obligation to seek additional information from the FBI in order to perform an adequate search in the USAO record system in response to Plaintiff's request.

The *Campbell* case is also unhelpful to Plaintiff.  The court in *Campbell* concluded that the FBI was required to search its ELSUR database once the search of the FBI's central records system "suggested the existence of documents that it could not locate without expanding the scope of its search."  164 F.3d at 28.  Similarly, Judge Gladys Kessler in *Center for National Security Studies v. United States Department of Justice*, 215 F. Supp. 2d 94 (D.D.C. 2002), held that the defendant failed to perform an adequate search in part because "the other document disclosed to [p]laintiffs clearly indicates the existence of earlier relevant documents, none of which were disclosed."  *Id.* at 110.  Judge Kessler noted that the defendant had an obligation to search its agency records for the additional responsive information referenced in the documents uncovered by the agency's initial search.  *Id.*  In this case, the USAO's initial search revealed no responsive documents, and therefore did not provide any "leads" for the agency to follow up on.

In *National Resources Defense Council v. United States Department of Defense*, 388 F. Supp. 2d 1086 (C.D. Cal. 2005), the plaintiff sought documents relating to the use of perchlorate in rocket fuel.  *Id.* at 1090-91.  The Department of Defense had designated the Air Force as responsible for coordinating all DOD efforts regarding perchlorate, but had not made that information public.  *Id.* at 1102.  The Court concluded that the DOD was obligated to either forward the plaintiff's FOIA request to the Air Force, or inform the plaintiff that the request should be resubmitted to the Air Force.  *Id.*  The conclusion was based on the fact that the DOD

had information the agency knew the plaintiff *did not know*, but was necessary to processing plaintiff's request. *See id.* By contrast here, the USAO did not have any information unknown to Plaintiff that would have re-directed Plaintiff's search to the proper agency. Rather both the Plaintiff and the agency lacked additional information other than the FBI file number, the name of the requestor and the prosecutor, and Plaintiff seeks to place the burden of investigation on the agency. *National Resources* provides no support for the notion that the responding agency is required to request additional information from another agency in order to process a FOIA request that was directed towards the proper agency.

In effect, Plaintiff seeks to require the USAO to *create* a document linking the FBI file number provided in his request with a Court docket number, and then search for responsive documents using the Court docket number. Defendant is correct that the agency is under no such obligation. *E.g.*, *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 152 (1980) ("The Act does not obligate agencies to create or retain documents; it only obligates them to provide access to those which it in fact has created and retained."). As Judge Thomas Jackson noted "[t]he FOIA was not intended to compel agencies to become ad hoc investigators for requesters whose requests are not compatible with their own information retrieval systems." *Blakey v. Dep't of Justice*, 549 F. Supp. 362 (D.D.C. 1982). "Rather, the proper inquiry is whether the Government has made reasonable use of the information readily available to it, and whether there exist reasonable alternative methods that the Government failed to employ." *Schrecker v. U.S. Dep't of Justice*, 349 F.3d 657, 662 (D.C. Cir. 2003). Defendant searched the only relevant system using the most relevant information provided, and Plaintiff provides no evidence that "reasonable alternative methods" (besides contacting the FBI) existed. Therefore,

Defendant is entitled to summary judgment based on the search performed using the FBI file number.

        2.        <u>Existence of Responsive Records</u>

Plaintiff's final argument is that Defendant's search must be considered inadequate because responsive records must exist, but the USAO's search did not return any responsive documents. Plaintiff contends that since the documents produced by the FBI refer to a criminal case relating to the FBI file number provided in the request, the USAO must have the court filings in that case in its possession. While the Court appreciates the basic logic of Plaintiff's contention, "the fact that responsive documents once existed does not mean that they remain in the [agency's] custody today or that the [agency] had a duty under FOIA to retain the records." *Wilbur v. CIA*, 355 F.3d 675, 678 (D.C. Cir. 2004). Even where it "strains credulity" to think that the requested documents do not exist, that alone is not a sufficient basis to "undermine the determination that the agency conducted an "adequate search for the requested records." *Morley v. CIA*, 508 F.3d 1108, 1120 (D.C. Cir. 2007)(quoting *Wilbur*, 355 F.3d at 678); *e.g., Baker & Hostetler LLP v. U.S. Dep't of Commerce*, 473 F.3d 312, 318 (D.C. Cir. 2006) (finding the agency performed an adequate search despite failing to identify any responsive documents from certain high level officials). "[T]he adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search." *Iturralde*, 315 F.3d at 315. Given the adequacy of the search analyzed *supra*, Plaintiff's speculation that responsive records must exist does not amount to "countervailing evidence" sufficient to raise a "substantial doubt" as to the adequacy of the USAO's search. *Id.* at 314.

## IV.  CONCLUSION

For the foregoing reasons, the Court finds the Defendant performed an adequate search for responsive records in responding to Plaintiff's FOIA request.  The affidavit submitted by the individual who performed the actual search for records in response to Plaintiff's request provides adequate detail as to the searches performed, and Plaintiff provided no evidence to overcome the presumption of good faith the Court accords to Defendant's affidavit.  The Defendant was not required to seek additional information from the FBI before processing Plaintiff's request for documents.  Finally, Plaintiff's speculation that responsive documents must exist, without more, does not undermine the determination that Defendant's search was adequate.  Having performed an adequate search for but ultimately finding no responsive documents, Defendant's Motion for Summary Judgment is GRANTED, and Plaintiff's Motion for Summary Judgment is DENIED.

An appropriate Order accompanies this Memorandum Opinion.

Date:   January 5, 2012

>                /s/
> **COLLEEN KOLLAR-KOTELLY**
> United States District Judge